**Jorge Alberto MANZUR–RAUDA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74775.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 23, 2009.

Martin Avila Robles, Immigration Practice Group a Professional Corporation, San Francisco, CA, for Petitioner.

Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

_____

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Jorge Alberto Manzur–Rauda, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and we deny the petition for review.

Substantial evidence supports the agency's finding that Manzur–Rauda failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See id.* at 744–47; *Molina–Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir.2001). Substantial evidence also supports the finding that Manzur–Rauda's return trips to El Salvador undercut his well-founded fear of persecution, *see Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir.2008). Thus, his asylum claim fails.

Because Manzur–Rauda failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence supports the agency's denial of CAT relief because Manzur–Rauda failed to show it was more likely than not that he would be tortured if he returns to El Salvador. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

